# CIRCUIT COURT OF NELSON COUNTY

Melissa Dawn Goodman

v.

Gary Ellsworth Hensley et al.

September 16, 2004

Case No. CL02-72

BY JUDGE J. MICHAEL GAMBLE

I am writing this letter to rule on the motion of the defendants to exclude expert testimony. In this regard, the plaintiff's proposed expert, Kevin Theriault, is precluded from offering expert opinion testimony at this trial. The ground for this ruling is that there has not been furnished to the Court a supplemental interrogatory response to defendant's interrogatory question No. 19, which complies with Rule 4:1(b)(4)(A)(1). In particular, for purposes of this ruling, a summary of the grounds for each opinion of the expert has not been provided. Additionally, much of the proposed expert opinion invades the province of the jury and is based on inadequate foundation. *Tarmac Mid-Atlantic, Inv. v. Smiley Block Co.*, 250 Va. 161, 166, 458 S.E.2d 462 (1995).

Prior to this ruling, the Court has considered the letter of September 1, 2004, from counsel for plaintiff which submits the report of Kevin Theriault dated August 31, 2004. Further, the Court has considered the arguments in the hearing before the Court. Last, the Court has considered the information furnished in the letter of counsel for plaintiff dated September 15, 2004. At the hearing on September 2, 2004, the Court directed the plaintiff to file a supplemental interrogatory furnishing the expert witness information required in Rule 4:1 of the Rules of the Supreme Court of Virginia. The reason for this directive is that expert testimony is subject to certain fundamental requirements, including the requirement that the evidence be based on an adequate foundation. *Keesee v. Donigan*, 259 Va. 157, 161, 524 S.E.2d 645

(2000). This interrogatory answer has not been furnished. Additionally, the report of Mr. Theriault does not adequately set forth a summary of the grounds for each opinion.

For instance, there is no basis stated for Mr. Theriault's opinions in paragraphs 3 and 4 of his letter that the tractor trailer must travel into the left south bound lane. There is no basis stated for the opinion in paragraph 1 that the Dodge was traveling a maximum of 46 miles per hour prior to skidding because this, in turn, is based upon the statement that it was traveling a maximum of 39 miles per hour at impact, for which no foundation is stated. The same problem exists for opinions 5 and 6 on the report. Opinions 7 and 8 clearly invade the province of the jury and, if allowed, would be a statement on the ultimate issues of the case, a jury function.

Plaintiff cites the opinion of the United States District Court of the Western District of Virginia in the case of *Ramona K. Hatten v. Robert A. Sholl* to support her argument that the opinions of plaintiff's expert should be admitted. *Hatten v. Sholl*, however, is based upon a *Daubert* analysis. The criteria for evaluating expert testimony set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 125 L. Ed. 2d 469, 113 S. Ct. 2786 (1993), has not been adopted by the Virginia Supreme Court.

Mr. Theriault may testify on factual matters so long as he is properly identified in discovery.